UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM ESCALERA, JR.,

            Plaintiff,

-against-

DEPT. OF CORRECTIONS; CORRECTIONAL
OFFICER LOREZANO, #5303; CITY OF
NEW YORK,

            Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-4787 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff William Escalera, Jr., who is presently incarcerated at Greene Correctional Facility, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, the use of excessive force by Correctional Officer Lorezano. (*See generally* Compl. (Doc. No. 1).) Escalera's request to proceed *in forma pauperis* is granted. For the reasons set forth below, Escalera's claims against the New York City Department of Corrections and the City of New York are dismissed. 28 U.S.C. § 1915A. Escalera's claim against Officer Lorezano will proceed.

## BACKGROUND

      The following facts are drawn from Escalera's complaint and are taken as true for the purposes of this order. Escalera alleges that his constitutional rights were violated when he was sprayed by a chemical agent and then handcuffed in a manner that caused his hand to swell. (*See* Compl. at 3.)[1] On May 6, 2017, while Escalera was incarcerated at the Robert N. Davoren Complex on Rikers Island, he was serving breakfast as part of his work detail, when an inmate began verbally harassing him. (*Id.*) Thereafter, the inmate attacked Escalera with a chair, and

---

[1] All references to page numbers in the complaint correspond to page numbers generated by the Electronic Court Filing ("ECF") system.

Escalera defended himself. (*Id.*) At that point, Officer Lorezano responded to the altercation and "vigorously sprayed" Escalera with a chemical, burning his eyes and ears. (*Id.*) Thereafter, Escalera alleges that he was handcuffed "in an excessive use of force" which caused his left hand to swell. (*Id.*) Escalera reported to the infirmary where he alleges that a physician failed to treat him. (*Id.*) On May 8, 2017, he went to sick call where he was treated for his injuries. (*Id.*) Escalera seeks monetary damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole*, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). The Court is required to dismiss an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal

2

right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

## DISCUSSION

### I. Claims Against the City of New York

Escalera alleges no clear factual allegations against the City of New York. "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). A claim of municipal liability requires that the plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 F. App'x. 543, 545 (2d Cir. 2009); *see also Monell v. Department of Social Services of N.Y.C*, 436 U.S. 658, 690–91 (1978). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policy makers. *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). Further, a municipality may not be held liable under § 1983 solely on a *respondeat superior* theory. *Brown v. City of New York*, No. 15-CV-194 (ILG), 2016 WL 4446126, at *3 (E.D.N.Y. Aug. 18, 2016).

Here, Escalera fails to identify a policy, custom, or practice promulgated by the City that would form the basis for a valid claim. *See e.g., Treadwell v. Cty. of Putnam*, No. 14-CV-10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (holding that the plaintiff "failed to sufficiently state a *Monell* claim" where the complaint lacked "specific allegations . . . that an official [municipal] policy, practice, or custom caused [the] [p]laintiff's alleged constitutional injuries"). Accordingly, Escalera's claim against the City of New York is dismissed. *See* 28 U.S.C. § 1915A.

## II. Claims Against the New York City Department of Corrections

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396. The New York City Department of Correction ("DOC") is an agency of the City of New York and thus, lacks capacity to be sued. *See, e.g., Perez v. City of New York Dept. of Corrections*, No. 16-CV-5307 (BMC), 2016 WL 5477598, at *2 (E.D.N.Y. Sept. 29, 2016) (dismissing claims against DOC because it is a non-suable entity). As such, the New York City Department of Corrections lacks an independent legal existence and therefore is not a suable entity. Accordingly, Escalera's claim against DOC is dismissed. *See* 28 U.S.C. § 1915A.

## III. Claims Against Officer Lorezano

Escalera alleges that Officer Lorezano used excessive force against him by, among other things, spraying him in the face with a chemical agent. (*See* Compl. at 4.) To make out such a claim, Escalera must allege that the amount of force used was "objectively sufficiently serious or harmful enough" to implicate the Constitution. *United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999). Although the victim need not suffer "serious or significant injury," the amount of force used must be more than "*de minimis*." *Id.* (internal citations and quotation marks omitted omitted). Here, Escalera alleges that Officer Lorezano "vigorously sprayed [him] with chemical toxi[n]s to [the] facial area." (Compl. at 4.) Under these circumstances, "[i]t is not possible to conclude, at this early stage, that [Office Lorezano's] actions involved merely the *de minimis* use of force." *Santos v. N.Y.C. Dep't of Corr.*, 08-CV-8790 (GBD), 2010 U.S. Dist. LEXIS 28799, at *22 (S.D.N.Y. Feb. 25, 2010) (denying a motion to dismiss an excessive force claim where a corrections officer "sprayed a high-pressure stream of chemicals into Plaintiff's face and eye"). Thus, Escalera's claim against Officer Lorezano may proceed. 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, Escalera's claims against the City of New York and the New York City Department of Correction are dismissed. *See* 28 U.S.C. § 1915A. No summons shall issue as to these defendants. Escalera's claim against Officer Lorezano may proceed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The United States Marshals Service is directed to serve the summons, the complaint, and a copy of the instant Memorandum and Order upon defendant Correction Officer Lorezano, Shield No. 5303, who is alleged to be a Correction Officer employed by the New York City Department of Correction at the Robert N. Davoren Complex on Rikers Island, without prepayment of fees.

A courtesy a copy of the summons, complaint and this memorandum and order shall be served upon the City of New York and the Corporation Counsel for the City of New York, Federal Litigation Unit.

SO ORDERED.

Dated: Brooklyn, New York
December 20, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge