UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
WILLIAM ESCALERA, JR.,

                Plaintiff,

    -against-                           **ORDER**
                                    17 CV 4787 (RRM) (CLP)

C.O. LOREZANO,

                Defendant.
------------------------------------------------------------ X
**POLLAK**, United States Magistrate Judge:

       The City of New York filed a motion requesting that the Court stay this litigation pending the outcome of an investigation by the Department of Corrections into the events that form the basis of plaintiff's claims in the Complaint. (See City's Mot. to Stay at 1-2, Mar. 21, 2018, ECF No. 18). The Court granted the City's request to stay this litigation and, as a condition of the stay, Ordered that defendant Lorezano, the City of New York, the Law Department, and the Department of Corrections preserve information and documents relevant to the allegations in Mr. Escalera's Complaint in this matter. (See Order at 1-2, Mar. 27, 2018, ECF No. 20). In issuing the preservation Order, the Court explained that the Order would not result in additional burden to the City because the City was already under an independent obligation to preserve evidence, which arose once the City knew or should have known that the evidence was relevant. (See id. at 1 n.1 (quoting Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)). See also Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998) (explaining that the obligation to preserve evidence arises, at the latest, when suit has been filed, but also before that time where the party knows that the evidence may be relevant to future litigation).

       By letter dated April 6, 2018, the City moves for clarification of the Court's preservation Order. (See City's Letter at 1-2, Apr. 6, 2018, ECF No. 22). Essentially, the City argues that

1

there is a reading of the Court's earlier Order that might result in a veritable parade of horribles. All of the City's concerns are abstract and hypothetical, and there has been no specific or supported showing of burden. The court's preservation Order simply reminds counsel for the defendant of the well-established duty to preserve that arises under common law and which is reflected in the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 37(e) (recognizing a duty to preserve ESI "in the anticipation or conduct of litigation"); Klipsch Group, Inc. v. ePRO E-Commerce Ltd., 880 F.3d 620, 630-31 (2d Cir. 2018) (remarking that "compliance [with preservation obligations] is not optional or negotiable; rather, the integrity of our civil litigation process requires that the parties before us . . . carry out their duties to maintain and disclose the relevant information in their possession in good faith"); In re Terrorist Bombing of U.S. Embassies in E. Africa, 552 F.3d 93, 148 (2d Cir. 2008) (noting that "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation") (quoting Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 2001)); Lokai Holdings LLC v. Twin Tiger USA LLC, No. 15 CV 9363, 2018 WL 1512055, at *9 (S.D.N.Y. Mar. 12, 2018) (explaining that "[i]n a typical case, a party's duty to preserve relevant evidence is triggered no later than the date the action commenced"); Martinez v. City of New York, No. 16 CV 79, 2018 WL 604019, at *27-28 (E.D.N.Y. Jan. 24, 2018), adopted in relevant part, Slip Op. (Apr. 18, 2018) (observing that "[t]he City of New York and [its agencies] are constantly subject to litigation and thus should be keenly aware of the obligation to retain and search for relevant information"); Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216-18 (S.D.N.Y. 2003); Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 72-73 (S.D.N.Y. 1991).

It is therefore difficult to understand how an attorney with a basic understanding of the

preservation obligations attendant to litigation could, in good faith, read the Court's Order and think it reasonable to offer the strained interpretation the City has here, especially if that attorney had bothered to read the cases previously cited by the Court.

Accordingly, the City's request for clarification is denied.

The Clerk of the Court is directed to mail a copy of this Order to plaintiff William Escalera, Jr. at the following address:

>William Escalera, Jr.
>GENERAL DELIVERY
>390 9th Avenue
>New York, NY 10001-9999

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 19, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York